UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CORY GILLILAND,<br>   Plaintiff,<br><br>vs.<br><br>JASON RAMOS, et. al.,<br>   Defendants | Case No. 22-1364 |

MERIT REVIEW ORDER

    Plaintiff, proceeding *pro se* from the Peoria County Jail, pursues an action under 42 U.S.C. § 1983.

    The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    Plaintiff sues eight Defendants, including Assistant State's Attorney Jason Ramos, Peoria Heights Officer Zachary Jackson, Peoria Heights Officer Dylan Lowder, Assistant State's Attorney Debra Shelby, Peoria Investigator Tim Moore, Stacey Ashwood, Peoria Order of Protection Office, and City of Peoria Police Department.

    It is difficult to discern Plaintiff's claims. Plaintiff's 29-page complaint is repetitive and discusses various actions of individuals who are not identified as Defendants.

1

Plaintiff's allegations appear to relate to pending criminal charges against Plaintiff. Plaintiff claims his ex-girlfriend falsified allegations against him and he has a "mountain of evidence" against her. The Court has reviewed Peoria County, Illinois public records that indicate Plaintiff has two pending criminal cases, *People v. Gilliland*, Case No 21 CF 824, charging Plaintiff with home invasion, aggravated battery, domestic battery, and violation of an order of protection, and *People v. Gillialand*, Case No. 21 CF 823, charging Plaintiff with residential burglary and violation of an order of protection. Both cases were filed on December 20, 2021, and a public defender was appointed to represent Plaintiff in both. These cases are set for a scheduling conference on May 25, 2023, and a jury trial on June 5, 2023.

Plaintiff alleges that the State's Attorney's office has not adequately considered the evidence he has against his ex-girlfriend and no charges have been filed against her.

Defendant "court employee" Ashwood is apparently a court reporter and Plaintiff believes she "altered/manipulated" transcripts.

Prosecutors such as the State's Attorney or an Assistant State's Attorney are immune from suit when carrying out prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 427-28(1979) (holding prosecutors have absolute immunity for activities that are "intimately associated" with the judicial process). Plaintiff cannot proceed with his claims against Defendants Ramos and Shelby.

"Court reporters may be held liable under § 1983 for deliberate acts to harm a litigant, but not for innocent or negligent errors." *Chapman v. Yang*, 2021 WL 1819822, at *2 (E.D. Wis. May 6, 2021), *citing Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) (citations omitted). Plaintiff claims Defendant Ashwood altered transcripts. However, it is unclear if he is referring to a deliberate act or a negligent error. Plaintiff must provide more specific information to state a federal claim. For instance, he should identify the case number,

the transcript hearing date, the specific error, and how the error harmed him.

It is unclear from Plaintiff's complaint what Plaintiff is alleging the Police Defendants did and how their actions harmed him.

The Federal Rules of Civil Procedure require that plaintiffs submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Pro se pleadings are liberally construed, but unintelligible complaints are properly dismissed. *See Stanard v. Nygren*, 658 F.3d 792, 797–98 (7th Cir. 2011) ("Though length alone is generally insufficient to justify rejecting a complaint, unintelligibility is certainly a legitimate reason for doing so. Again, the issue is notice; where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."). Furthermore, the Court is not obliged to search through a lengthy factual narrative to identify the elements of a claim, if any, like "pigs hunting for truffles buried in the ground." See *Rahn v. Boaoard of Trusteees of Northern Illinois University*, 805 F. 3d 285, 294 (7th Cir. 2015).

Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted and for violating Federal Rule of Civil Procedure 8. Plaintiff's allegations against the States Attorney Defendants are dismissed with prejudice. If Plaintiff believes he can clarify his other claims, the Court will allow Plaintiff one opportunity to file an amended complaint. Plaintiff must abide by the following guidelines:

1) Plaintiff's amended complaint must include numbered paragraphs.
2) Each paragraph should include one claim, stating what happened, when it happened, and who was involved.
3) Plaintiff should state each claim only one time in his complaint.
4) Plaintiff should not include claims against individuals he does not intend to sue.
5) Plaintiff should not include information which is not relevant to his claims.
6) Plaintiff must label his revised complaint an "Amended Complaint," and he must include the case number, 22-1364.

Plaintiff's Motion for Appointment of Counsel (#4) is denied with leave to renew. Plaintiff must demonstrate he has made a reasonable attempt to obtain counsel, or been effectively precluded from doing so, before seeking the Court's assistance. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). If Plaintiff amends his complaint and renews his motion for counsel, Plaintiff should include a list of attorneys contacted and copies of letters sent and received in his attempt to find counsel. He should also state his education, jobs held, litigation experience, and any other information he believes would help the Court in assessing his ability to represent himself.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted and as a violation of Rule 8 of the Federal Rules of Civil Procedure.

2) Plaintiff's claims against Assistant States Attorneys Ramos and Shelby are dismissed with prejudice. If Plaintiff believes he can clarify his other claims, he may file an amended complaint in compliance with this order by May 31, 2023. If Plaintiff fails to file his amended complaint by that date, or fails to follow the Court's directions, his case may be dismissed with prejudice.

3) Plaintiff's Motion for Appointment of Counsel [4] is denied with leave to renew.

Entered this 12th day of May, 2023.

                 s/*Joe Billy McDade*

                 JOE B. MCDADE
                 UNITED STATES DISTRICT JUDGE